<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4805**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

and

ROY NELSON PATTON, SR.; JOHN WILSON PATTON; BARBARA ANN PATTON LEONARD,

Claimants,

v.

ASHTON DURRELL FARLEY,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00128-LHT-8)

Submitted: July 29, 2010            Decided: August 23, 2010

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Washington, D.C., for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashton Durrell Farley timely appeals the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Farley's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether: (1) Farley's guilty plea was knowing and voluntary, (2) Farley's appellate waiver is valid and enforceable, and (3) Farley's sentence is in accordance with law and constitutional requirements. Farley was advised of his right to file a pro se brief, but has not done so. Finding no reversible error, we affirm.

Prior to accepting a defendant's guilty plea, Federal Rule of Criminal Procedure 11 requires the district court to address the defendant in open court and ensure he understands, among other things, the nature of the charge against him, the possible punishments he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). Because Farley did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d

3

389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if we determine that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Neither counsel nor Farley identify any errors in the plea colloquy or assert that any error influenced Farley's decision to plead guilty. Additionally, our review of the plea hearing transcript reveals no deficiencies in the colloquy. Therefore, we find that Farley's guilty plea was knowing and voluntary.

Counsel also requests this court to examine the validity of Farley's appellate waiver. However, any challenge to the enforceability of the waiver is moot because the Government has not filed a motion to dismiss based on the appellate waiver, and we decline to sua sponte enforce the

4

waiver.  See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Counsel also questions whether Farley's sentence violates the law or his constitutional rights.  Because Farley did not raise any claim of error related to his sentence in the district court, we review for plain error.  United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable range found in the U.S. Sentencing Guidelines Manual, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence.  Gall v. United States, 552 U.S. 38, 51 (2007).  The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d, 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citation omitted).

This is true even when the district court sentences a defendant within the applicable Guidelines range.  Id.

Counsel first calls to our attention certain requirements of Federal Rule of Criminal Procedure 32 ("Rule 32") relating to the Presentence Investigation Report ("PSR") and sentencing.  However, our review of the record reveals that the district court fully complied with Rule 32.

Additionally, the district court, taking into account the statutory mandatory minimum sentence, properly calculated Farley's applicable Guidelines sentence of 120 months' imprisonment, using the appropriate version of the Guidelines. While the district court failed to discuss the § 3553(a) factors or conduct an individualized assessment as required by Carter, we conclude that, in light of the district court's imposition of a sentence at the statutory mandatory minimum, that failure did not affect Farley's substantial rights under plain error review. Because the Government did not move to allow the district court to impose a sentence below the statutory mandatory minimum, the district court had no authority to depart below the sentence it imposed.  18 U.S.C. § 3553(e); Melendez v. United States, 518 U.S. 120, 125-26 (1996).

Once we have determined there is no procedural error, we must then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.

6

<u>Gall</u>, 552 U.S. at 51.  If the sentence imposed is within the appropriate Guidelines range, on appeal it is presumptively reasonable.  <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008).  The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court imposed a within-Guidelines sentence, it is presumptively reasonable on appeal.  Farley has not rebutted that presumption.  Accordingly, the district court committed no significant procedural or substantive error in sentencing Farley to 120 months' imprisonment.

In accordance with <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>